## SMITH, *Executrix,* versus FISKE.

F conveyed land to S, and also gave him an obligation, that if, at the end of a year, the land should not be worth the money he had received therefor, with its interest, he would make up the deficiency, " or otherwise pay that amount on receiving a re-conveyance." S at the same time gave to F a bond that he would, on being paid the said amount, at any time within the year, recon-vey the land. *Held,* that during the first year S could have no right of action against F on the obligation, because F had the election to redeem with-in the year; but that at the end of the year his right of action accrued, and that therefore the statute of limitations began to run from that period.

ASSUMPSIT on a special contract.  The statute of limitations was pleaded.  The parties all resided in this county.

The case was submitted for the decision of the court, upon the following statement of facts : —

On the 9th of March, 1841, the defendant conveyed to Comfort C. Smith, the plaintiff's testator, a piece of land in Bangor, and received therefor $256,12, and also gave to him an obligation, that if, at the expiration of one year, the land should be of less value than the $256,12, and its interest, he would make up the deficiency; " or otherwise pay that amount on receiving a re-conveyance."

Smith at the same time gave a bond to the defendant to re-convey the land to him, at any time within a year, upon being paid said consideration money and interest.  The land was not worth the said sum.

On the 28th of February, 1848, Smith tendered to the de-fendant a deed, re-conveying said land, and demanded said $256,12 with its interest.

The defendant expressed surprise, and wished the matter to subside, till he could send to make inquiries.  The answer from his correspondent at Bangor, was not received until the

22d of March. The suit was commenced on the 28th of March, 1848.

Before Smith tendered the deed of re-conveyance, the land had been "forfeited and sold" for non-payment of taxes.

Smith, by his will, gave all his estates to the executrix, who now prosecutes this suit.

She has since redeemed the land from the tax-claim, and has brought into court a deed of it for the defendant, ready to be delivered, when he shall pay the money.

*Emmons,* for plaintiff.

The election, whether to take a re-conveyance, was with the defendant for one year. At the end of that period, it fell upon Smith. The only defence then must be, the "six years limitation."

I contend, that when the election was cast upon Smith, he had a reasonable time, in which to form his election. Till the end of the year, his hands were tied. He then needed time for inquiry. The land was at a distance. Its value was fluctuating.

The contract is to have a reasonable construction; to be viewed as the parties would view it. Smith's right of action, therefore, did not accrue until after such reasonable time for inquiry. Within six years from that time, the suit was brought.

It was necessary for Smith to elect and give notice prior to the suit, that the defendant might make a tender. Jacob's Law Dict. citing 1 Mod. 217 ; 1 Bac. Abr. 697. He did elect, and tendered a deed, February 28, 1848, within six years from the defendant's one year.

The defendant's conduct in obtaining the delay, that he might make inquiries at Bangor, was a waiver of the statute of limitations ; if not so, it was a fraud, and that is a legal answer to the statute.

*Bronson,* for defendant.

The contract was a guaranty by the defendant, that the land should be worth $256,12, and its interest, at the end of one

year ; with a further agreement, that he would pay that amount, if Smith would re-deed in said year. *At the end of* that year, viz. on March 10, 1842, Smith might have maintained a suit on the guaranty. Smith had the right to retain the land, and claim any deficiency in value, or to re-deed it at the end of the year, and claim the $256,12 and interest. The election was therefore with him.

But suppose the plaintiff's law to be sound, the excess of nineteen days was an unreasonable delay. Smith lay by nearly seven years, to get the benefit of any rise in value of the land.

Again, the land was incumbered by taxes, through Smith's neglect, when he tendered the re-conveyance. The tender to us was not an offer of the land, but merely of a right to re-deem it. The notion of waiver and of fraud, may have the credit of novelty, but cannot receive the sanction of law.

HOWARD, J., orally. — The defendant had a right of election for one year. If he did not choose to redeem within the year, Smith's bond to him was no longer in force. Smith, at the end of that year, might have sued for the deficiency, in the value of the land.

True, the defendant had contracted to repay the consideration money, on a re-conveyance. But Smith's bond of same date, to the defendant, gave the defendant the year to choose whether to redeem or not. Thus, *within* that year, Smith had no election to re-convey. And the contract, on which plaintiff relies, as to the right of re-conveyance, extended only to a re-conveyance *within* the first year. There was not then, in Smith, *at any time*, a right of election. His election to re-convey, and his tender of the deed, February 28, 1848, were therefore of no effect.

The suit for the deficiency was not brought till March 28, 1848. It is contended he had a reasonable time for inquiry. But, as his right was only to recover the deficiency, it was not necessary that, prior to his suit, he should know the exact value. That could be shown by the evidence at the trial. His

right of action accrued at the end of the first year. From that date, more than six years elapsed, before the suit was brought. The bar is therefore effectual.

*Judgment for defendant.*